[667 NYS2d 55]

In the Matter of GREGORY ELEFTERAKIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 29, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*LaRossa, Mitchell & Ross,* New York City *(Michael S. Ross of counsel),* for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition, dated April 16, 1997, contains 11 charges of professional misconduct against the respondent. After hearings on June 4 and June 24, 1997, the Special Referee sustained all 11 charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report and to limit his sanction to a public censure.

Charge One alleged that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

The respondent disbursed funds to clients and to himself prior to depositing the proceeds of the clients' cases into his attorney escrow account.

As a result of such disbursements, the funds of other clients, which were required to be maintained intact, were improperly depleted.

Charge Two alleged that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

The respondent maintained a separate Citibank account for the purpose of paying expenses associated with his practice of law. Between July 1994 and September 1995, the respondent deposited into that account client funds which had been entrusted to him as a fiduciary.

Charge Three alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

In addition to the funds entrusted to him as fiduciary and while those funds were on deposit, the respondent improperly deposited personal funds into his attorney escrow account.

Charge Four alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

The respondent failed to withdraw his fees or disbursements or both from his attorney escrow account after they had been earned.

Charge Five alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Between July 1994 and September 1995, the respondent deposited client funds which had been entrusted to him, incident to his practice of law, into the non-escrow account which he maintained for the sole purpose of paying expenses associated with his practice of law.

Charge Six alleged that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

Between January 1994 and January 1996, while the respondent was maintaining an attorney escrow account, he failed to maintain a ledger book or similar record detailing all deposits and withdrawals pertaining to that account.

Charge Seven alleged that the respondent has engaged in a pattern and practice of failing to properly maintain in his attorney escrow account funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Between January 1994 and January 1996, the balances on deposit in the respondent's escrow account, into which he deposited and was required to maintain funds entrusted to him as fiduciary, incident to his practice of law, were depleted on numerous occasions.

Charge Eight alleged that the respondent improperly issued checks payable to "cash" from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

On December 29, 1995, the respondent issued check number 1973 from his attorney escrow account payable to cash. On January 9, 1996, the respondent issued check number 1974 from his attorney escrow account payable to cash.

Charge Nine alleged that the respondent engaged in a pattern of failing to file retainer and closing statements with the Office of Court Administration (hereinafter the OCA) in a timely manner, in violation of 22 NYCRR 691.20 (a) and (b).

Between January 1994 and January 1996, the respondent was retained to prosecute several actions for personal injury and property damage. He failed to file retainer and closing statements with the OCA with respect to those matters.

Charge Ten alleged that the respondent engaged in a pattern of improperly disbursing settlement proceeds to himself, in violation of 22 NYCRR 691.20 (d).

Between January 1994 and January 1996, the respondent represented several clients in personal injury actions. When the cases were concluded, the respondent issued checks drawn on his attorney escrow account, which were payable to himself and which represented legal fees, before disbursing to the clients the proceeds to which they were entitled.

Charge Eleven alleged that the respondent filed a false affirmation with the OCA, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

As an attorney, the respondent was required to register with the OCA on a biennial basis, pursuant to Judiciary Law § 468-a. At the time of registration, the respondent was required to sign a statement affirming that he had read Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and that he was in compliance therewith. The respondent signed and filed such an affirmation with OCA on or about June 8, 1994. In fact, the respondent was not familiar with that rule and his escrow records were not in compliance.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all 11 charges, and therefore the motion and so much of the cross motion which was to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating evidence offered by the respondent, including his efforts to overcome his alcoholism, the absence of any evidence of venality on his part, and the reforms undertaken with respect to his law office practice, including the placement of an attorney in exclusive charge of his escrow account. We note that the Grievance Committee issued the respondent an Admonition on December 17, 1992, for failing to timely commence a lawsuit within the Statute of Limitations period and for failing to timely communicate to his clients that he would not pursue their civil case.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted only to the extent that the report of the Special Referee is confirmed; and it is further,

Ordered that the respondent's cross motion is otherwise denied; and it is further,

Ordered that the respondent, Gregory Elefterakis, is suspended from the practice of law for a period of three years, commencing January 29, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gregory Elefterakis, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.